BARRETT v. COLLINS ET AL.

(May 27, 1929. Opinion and Decree.)
(June 24, 1929. Rehearing Refused.)
(October 8, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

Spencer, Gidiere, Phelps and Dunbar, of New Orleans, attorneys for Esther Marvin Barrett, plaintiff, appellee and appellant.

P. M. Milner, of New Orleans, attorney for defendants Mr. and Mrs. Collins.

E. V. Parham, of New Orleans, attorney for defendant Harry Arnold.

WESTERFIELD, J. Plaintiff, while walking on the sidewalk of St. Charles Avenue near the corner of Third Street, was run into and injured by an automobile belonging to the defendant Stephen D. Collins, and at the time of the accident driven by his wife. The Collins automobile was forced upon the sidewalk as a result of a collision with a Ford truck, owned and driven by Harry Arnold. Mr. and Mrs. Stephen D. Collins and Harry Arnold are sued in solido.

On the trial of the case, the following admission was made by counsel:

"It is agreed between Plaintiff's counsel and counsel for the respective co-defendants, that the liability is fixed at $750.00, and that if the Court finds any one liable or renders a judgment against any one or the two, the amount awarded shall be $750.00 and costs:

"By the Court: It is admitted by all parties in interest that the fact of the Plaintiff being on the sidewalk where she had a right to be, the fact that she was injured and the fact that she was guilty of no contributory negligence whatever, relieves her of any necessity of administering evidence and all the evidence in the case will be administered by the defendants in the case, Mr. and Mrs. Stephen D. Collins and the defendant Harry Arnold, and it is further agreed that the plaintiff shall be entitled to take advantage of all the testimony offered by either defendant."

There was judgment below in plaintiff's favor in the sum of $750 against Mr. and Mrs. Collins alone. Both plaintiff and Mr. and Mrs. Collins have appealed.

The two automobiles collided in the intersection of St. Charles Avenue and Third Street or a short distance beyond the intersection, as counsel for Mr. and Mrs. Collins insists. In our view, it is immaterial.

The Arnold truck was being driven on the lake side of St. Charles Avenue in the direction of Carrollton Avenue. As it neared the intersection of St. Charles Avenue and Third Street, the Collins car turned to the right and into St. Charles Avenue from Third Street, with the intention of proceeding up St. Charles Avenue in the same direction as the Arnold truck. In making the turn, the Collins car turned very wide, and thus failed to observe the Traffic Ordinance No. 7490, C. C. S., sec-

tion 4 of which requires a vehicle in turning to the right at a street intersection to "hug the right hand curb." The result of this improper turn was a collision with the Arnold truck near the neutral ground. It is apparent that the driver of the Collins car was negligent.

The Arnold truck was admittedly on the left-hand side of the roadway near the neutral ground, where it should not have been, for the reasons that sections 1 and 2 of the Traffic Ordinance referred to requires that vehicles, except when passing another vehicle going in the same direction, shall keep to the right and as near the right-hand curb as possible, and, when driving on streets divided by a neutral ground, "shall keep to the right of the center of the roadway so as to permit passing of faster moving vehicles on the left." It follows that the driver of the Arnold truck was also negligent.

The manner in which the collision occurred convinces us that the negligence of each driver contributed to the accident. It therefore follows that both defendants should be held jointly liable for the resulting damage.

For the reasons assigned, it is ordered that the judgment appealed from be amended, so as to read:

It is ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Esther Marvin Barrett, and against the defendants Stephen D. Collins and his wife, Mrs. Stephen D. Collins, and Harry Arnold in solido, in the full sum of $750, with legal interest thereon from judicial demand until paid, and all costs.